Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email: jeff@millershealaw.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli and Travis Murakami; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, | CIVIL NO.<br><br>COMPLAINT; EXHIBITS "A" AND "B;" SUMMONS |

Sharon Thom, Roy Morioka, Kyle )
Chock, Sean Newcamp, Mitchell )
Tynanes, Ralph Hoohuli, and Travis )
Murakami; *Market Recovery Program* )
*by its trustees* Thalia Choy, Alan )
Shintani, Justin Izumi, Ken )
Kawamoto, Gerard Sakamoto, Bill )
Wilson, Lance Wilhelm, Leonard )
Hoshijo, Justin Kochi, Garrett Takara, )
Sean Newcamp, Kyle Chock, David )
Samson and Mitchell Tynanes; )
*Financial Security Fund by its* )
*trustees* Kenneth Spence, Conrad )
Murashige, Kenneth Sakurai, Wesley )
Mikuni, Alan Shintani, Kyle Chock, )
Ronald Taketa, Shayne Chung, Sean )
Newcamp, Garrett Takara, Ralph )
Hoohuli, Clyde Sugawa, Joyce )
Furukawa, and Travis Murakami; )
*Drywall Training Fund by its trustees* )
Vince Nihipali, Sr., Lito Alcantra, )
Bert Beaman, Mike Goodnight, Kevin )
Respecki, Sean Newcamp, Garrett )
Takara, Edmund Aczon, David )
Samson and Ivan Lay; *401-K Fund by* )
*its trustees* Kenneth Spence, Conrad )
Murashige, Kenneth Sakurai, Wesley )
Mikuni, Alan Shintani, Kyle Chock, )
Ronald Taketa, Shayne Chung, Sean )
Newcamp, Ralph Hoohuli, Clyde )
Sugawa, Joyce Furukawa, and Travis )
Murakami, )
)
        Plaintiffs, )
)
  vs. )
)
VISIONARY GENERAL )
CONTRACTING, LLC, JOHN )

| | |
|---|---|
| DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT

Plaintiffs above named, by and through their counsel, Miller Shea, and for causes of action against Defendant VISIONARY GENERAL CONTRACTING, LLC, allege and aver as follows:

1. Plaintiffs identified above are the trustees of the Hawaii Carpenters Trust Funds, which include the Health & Welfare Trust Fund, Apprenticeship & Training Fund, Vacation & Holiday Fund, Market Recovery Program Fund, Financial Security Fund, Retiree Medical Fund and 401-K Fund (hereinafter referred to collectively as the "Trust Funds" or "Plaintiffs").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. §§1002).

4. The Trust Funds are informed and believe, and thereon allege, that at all relevant times herein Defendant VISIONARY GENERAL CONTRACTING, LLC was and is a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.

5. DOE DEFENDANTS are sued herein under fictitious names for the reason that their true names, identities and/or responsibilities to PLAINTIFFS are currently unknown except that they were in some manner involved in the conduct alleged herein and/or are somehow related to or in some manner responsible for the damages alleged herein by way of their negligence, breach of contract, breach of warranties, strict liability and/or other fault. Said DOE DEFENDANTS may include, but are not limited to, individuals and/or

business entities, their principals, agents and/or employees who have dealt with the named DEFENDANT.

6. On or about June 27, 2016, VISIONARY GENERAL CONTRACTING, LLC had made, executed and delivered to the United Brotherhood of Carpenters & Joiners of America, Local 745, AFL-CIO, a Collective Bargaining Agreement ("CBA"). Under the terms of the CBA, VISIONARY GENERAL CONTRACTING, LLC promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by VISIONARY GENERAL CONTRACTING, LLC's covered employees. As part of the CBA, the Trust Funds would and did pay certain employee benefits to VISIONARY GENERAL CONTRACTING, LLC's covered employees and eligible dependents. A true and correct copy of the CBA is attached hereto as Exhibit "A." Attached hereto as Exhibit "B" is a true and correct copy of the Certification of Receipt and Acceptance for the CBA signed by VISIONARY GENERAL CONTRACTING, LLC.

7. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust Funds on or before the due dates as specified in the CBA.

8. In accordance with the terms of the CBA, Defendant promised

to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in the CBA, to permit audits and to allow inspection of their payroll records so that Plaintiffs are able to ascertain whether all contributions due have been paid.

9. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

10. In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2), the Trust Funds are entitled to recover liquidated damages in lieu of the liquidated damages described in paragraph 9 above, in a sum equivalent to interest in the rate of twelve percent (12%) per annum on all unpaid contributions, if such amount is greater than the liquidated damages described in paragraph 9 above.

11. Under the terms of the CBA and 29 U.S.C. §1132(g)(2), the

Trust Funds are entitled to interest at the rate prescribed by the collective bargaining agreement of twelve percent (12%) per annum on any unpaid trust fund contributions.

12. In accordance with the terms of the CBA, Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered under the provisions of the CBA, and said workers performed work and labor undertaken by Defendant during the time the CBA was in full force and effect.

13. Despite repeated requests by Plaintiffs, Defendant has failed to, and continues to fail to, permit audits and to allow inspection of its payroll records as provided by the CBA so that Plaintiffs are able to ascertain whether all contributions due have been paid.

14. Defendant's obligations to the Trust Funds to permit audits and allow inspection of its payroll records, and pay trust fund contributions, are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages upon completion of an audit and up to the time of trial or proof.

15. At all times mentioned herein, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages suffered by the Trust

Funds as a result of the non-payment of said trust fund contributions by Defendant. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate the Trust Funds for the damages suffered by the Trust Funds arising from the non-payment of trust fund contributions by Defendant.

16. In accordance with the terms of the CBA and 29 U.S.C. §1132(g)(2)(D), Defendant further promised that if it became necessary for the Trust Funds to take legal action to enforce payment of contributions, lost earnings, and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

17. Based on the foregoing, the Trust Funds have been damaged by being prevented from conducting an audit to ascertain whether all contributions, liquidated damages, 12% interest, and 401(k) Lost Earnings Interest, have been paid, and damaged by such further amounts, including but not limited to attorneys' fees and costs, as may be proven at trial or hearing on proof.

18. It has been necessary for the Trust Funds to engage counsel for the purpose of securing an audit of Defendant's records, and collecting any trust fund contributions, lost earnings, and liquidated damages described above and to compel production of payroll records, and the Trust Funds are entitled to reasonable attorneys' fees and costs in connection therewith pursuant to the CBA

and 29 U.S.C. §1132(g)(2).

WHEREFORE, the Trust Funds pray for judgment against Defendants as follows:

(a)     That the Court compel and order Defendants to submit timely reports and payments in accordance with the terms of the collective bargaining agreement.

(b)     That the Court compel and order Defendants to produce certain time sheets and payroll records and permit the Trust Funds to audit their payroll books and records as allowed by the collective bargaining agreement.

(c)     That the Defendants remit to the Trust Funds such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, plus such other amounts as may be due and owing at the time of trial or hearing on proof.

(d)     That Defendants furnish to each of the seven (7) Plaintiffs' trust funds a surety bond or cash-in-escrow in the amount of Defendant's last three months of contributions or $5,000.00, whichever is greater.

(f)     That the Trust Funds recover from Defendants all contributions, liquidated damages, 12% interest, 401(k) Lost Earnings Interest, and such further amounts as may be proven at trial or hearing on proof.

(f)     That the Trust Funds recover from Defendants such additional

amounts as may, by proof, be shown to be due and owing at the time of trial or hearing on proof.

 (g) That the Trust Funds recover from Defendants their costs of court, disbursements and reasonable attorneys' fees due pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2).

 (h) That the Trust Funds have such further and additional relief as the Court deems just and proper.

 DATED: Honolulu, Hawaii, December 23, 2016.

/s/ Jeffrey P. Miller
_____
JEFFREY P. MILLER
Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS