IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli and Travis Murakami; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, Sharon Thom, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell Tynanes, Ralph Hoohuli, and Travis Murakami; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Gerard Sakamoto, Bill Wilson, Lance Wilhelm, Leonard Hoshijo, Justin Kochi, Garrett Takara, Sean Newcamp, Kyle Chock, David Samson and Mitchell Tynanes; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean | CIVIL NO. CV 16-00670-DKW-KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

| | |
|---|---|
| Newcamp, Garrett Takara, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, and Travis Murakami; *Drywall Training Fund by its trustees* Vince Nihipali, Sr., Lito Alcantra, Bert Beaman, Mike Goodnight, Kevin Respecki, Sean Newcamp, Garrett Takara, Edmund Aczon, David Samson and Ivan Lay; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, and Travis Murakami, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| VISIONARY GENERAL CONTRACTING, LLC, JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

2

# MEMORANDUM IN SUPPORT OF MOTION

I. FACTUAL STATEMENT

   A. Procedural Background

On December 23, 2016, Trustees of the Hawaii Carpenters Trust Funds ("HCTF") filed a Complaint against Visionary General Contracting, LLC. Service of the Complaint and Summons was effected upon Defendant Visionary General Contracting, LLC (hereinafter "Defendant") on January 7, 2017. *See* Return of Service attached hereto as Exhibit "1" to the Declaration of Jeffrey P. Miller. Upon service of the Complaint and Summons, Defendant Visionary General Contracting, LLC failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. *See* Declaration of Jeffrey P. Miller. Thereafter, HCTF requested that default be entered against Visionary General Contracting, LLC, and on February 7, 2017, the Clerk of the Court made an Entry of Default of Defendant Visionary General Contracting, LLC, attached hereto as Exhibit "2" to the Declaration of Jeffrey P. Miller.

   B. Factual Background

Visionary General Contracting, LLC is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters. (Paragraph 2 to Declaration of Paul Marx.) Pursuant to the CBA, each month

3

Visionary General Contracting, LLC is required to submit to the Hawaii Carpenters Trust Funds office a report detailing the number of hours each of its employees worked on a union jobsite for the previous calendar month. (Id.) The report details the hourly benefit rate for each of the trust funds for each employee, based on the employee's classification, and calculates the amount of contributions owed under the CBA based on the classification of the employee and the number of hours worked. (Id.) The employer is required to submit the reported hours and calculated contributions to the trust funds no later than the twenty fifth day of the month following the work performed in the prior calendar month. (Id.)

For the months of June 2016 through January 2017, Visionary General Contracting, LLC failed to submit its reports for the hours worked and did not submit the contributions owed pursuant to the hours worked by its employees and reported by Visionary General Contracting, LLC. (Paragraph 3 to Declaration of Paul Marx.) Visionary General Contracting, LLC has also refused to allow Plaintiffs to conduct an audit of Defendant Visionary General Contracting, LLC's records as mandated by the CBA. (Id.)

The Complaint seeks a mandatory injunction compelling Defendant Visionary General Contracting, LLC to produce completed Employers Monthly Report To Trustees as required by the CBA, and to produce the documents listed below to allow Plaintiffs to complete its audit:

4

1. Payroll registers for the audit period (June 2016-September 2016)
2. Time cards and/or time sheets
3. All State and Federal quarterly reports (941's, 940 & state unemployment)
4. Individual earning records for all employees (W-2's & W-3's)
5. All Forms 1099 & 1096 issued for the audit period
6. Listings & classifications for all employees on the payroll
7. All bank statements & canceled checks for all payroll and general ledger accounts maintained
8. All check registers for all payroll and general ledger accounts maintained
9. 401 (k) Fund: Contribution Worksheets completed by members
10. General Excise/Use Tax return

The Complaint also seeks payment of contributions, liquidated damages, and interest which Defendant Visionary General Contracting, LLC was required to make pursuant to the Collective Bargaining Agreement. As of February 10, 2017 there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, lost earnings, and liquidated damages as follows:

Visionary IU Account

| | |
|---|---|
| Contributions | $48,907.97 |
| Liquidated Damages | $10,096.73 |
| 12% Fund Interest | $2,046.29 |
| 401k Lost Earnings Interest | $59.93 |
| Audit Fees | $320.00 |
| Total | $61,430.92 |

Visionary IUCBD Account

| | |
|---|---|
| Contributions | $33,744.28 |
| Liquidated Damages | $19,176.83 |
| 12% Fund Interest | $620.48 |
| 401k Lost Earnings Interest | $32.87 |
| Total | $53,574.46 |

**Grand Total:** **$115,005.38**

Plaintiffs also seek their attorneys' fees and costs incurred in pursuing this action and its attorneys' fees and costs incurred in drafting this motion, attendance at the hearing thereon and finalization of the order and judgment.

II. DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff seeks to conduct an accounting. F.R.C.P. Rule 55(b)(2)(A). The granting or denial of a motion for default judgment is within the discretion of the court. Hawaii Carpenters Trust Funds v. Stone, 794 F.2d 508, 511-512 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVidio Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Circ. 2002).

A. Application of the Eitel Factors

Based on the Eitel factors, Plaintiffs herein are entitled to a default judgment against Defendant Visionary General Contracting, LLC.

1. The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment for a

mandatory injunction, Plaintiffs would be without another recourse to determine whether amounts are owed by Defendant. Further, Plaintiffs would be without another recourse for recovery of the amounts now known to be owed. Accordingly, the first of the <u>Eitel</u> factors favors the entry of default judgment.

        2.    <u>Merits of Plaintiffs' Substantive Claims</u>

As set forth above, for purposes of liability the factual allegations in the complaint are taken as true on default.

Here, Plaintiffs filed this action to compel Defendant to produce the Employers Monthly Report to Trustees, to produce the requested business records in order to complete and audit, and to recover the any contributions and statutory liquidated damages and interest owed to Plaintiff disclosed by the audit. The terms of the Collective Bargaining Agreement require Defendant to timely submit the Employers Monthly Report to Trustees and pay the contributions owed by Defendant, and if it fails to do so Defendant is assessed statutory liquidated damages and interest. The terms of the Collective Bargaining Agreement also require Defendant to produce its business records to Plaintiffs so an audit can be conducted. Despite repeated requests by Plaintiffs, Defendant has refused to submit the required reports or its business records so an audit can be completed, and pay the amounts owed under the Collective Bargaining Agreement. As such, Plaintiffs' allegations are sufficient to establish that Plaintiffs are entitled to

judgment against Defendant requiring it to produce the required records and pay the contributions and other amounts owed.

   3.   Sufficiency of the Complaint

The Complaint sufficiently alleges Plaintiffs' entitlement to the production of the Employers Monthly Report To Trustees and business records for audit purposes, and any contributions and other amounts owed to Plaintiff pursuant to the Collective Bargaining Agreement. The Complaint also sufficiently alleges Plaintiffs' entitlement to the contributions and other amounts owed to Plaintiff pursuant to the Collective Bargaining Agreement. These allegations weigh in favor of granting a default judgment.

   4.   Sum of Money at Stake

Here, the Complaint does not allege a specific amount owed by Defendant because Defendant failed to report its monthly hours worked or allow an audit of its records to confirm any amounts owed by Defendant. Since filing the Complaint Defendant has provided some information from which Plaintiffs have been able to determine the amount owed and sought by this motion. Plaintiffs' Complaint is tailored to specify the various categories of records requested so the sums owed pursuant to the Collective Bargaining Agreement can be audited for complete accuracy. Accordingly, this factor weighs in favor of a default judgment against Defendant.

5. Possibility of Dispute Concerning Material Facts

As set forth above, the well-pled factual allegations of the Complaint, except those relating to damages, are taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to respond to the allegations of the Complaint, but has failed to do so. Further, Plaintiff has submitted admissible evidence of the records Defendant was required to produce pursuant to the CBA and the amount currently owed by Defendant. This factor favors default judgment because no dispute has been raised regarding Plaintiffs' material factual allegation contained in the Complaint and Plaintiff has produced admissible evidence confirming the Defendant's obligation to produce monthly reports and audit materials and what amounts Defendant currently owes Plaintiffs.

6. Whether Default Was Due To Excusable Neglect

The default was not the result of excusable neglect. Plaintiffs served Defendant with the Complaint on January 7, 2017. Defendant did not file a response to the Complaint. On February 7, 2017, Plaintiffs served Defendant with Plaintiffs' Ex Parte Request to Clerk for Entry of Default, yet Defendant to date has not sought to set aside the default entered on February 7, 2017. Finally, the instant motion will be served on Defendant as evidenced by the attached Certificate of Service.

The record confirms that Defendant's default was not the result of

excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. As such, this factor weighs in favor of default judgment.

### 7. Policy Favoring Decisions of the Merits

Defendant's failure to answer Plaintiffs' Complaint or appear in this matter makes a decision on the merits impossible. Under Rule 55, "termination of a case before hearing on the merits is allowed whenever a defendant fails to defend an action." PepsiCo, Inc., 238 F. Supp.2d at 1177; see also, Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel Factor is not alone dispositive"). Defendant herein has failed to defend this action which has rendered adjudication on the merits impracticable if not impossible. Thus, this factor does not preclude the Court from entering default judgment against Defendant.

Evaluating all of the Eitel factors, default judgment against Defendant is appropriate.

### B. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §1132(g) and §1145. Further, the Collective Bargaining Agreement requires Defendant to pay reasonable attorneys' fees and costs incurred in any collection efforts. See

Paragraph 18 to Complaint.

As set forth in the Declaration of Jeffrey P. Miller, Plaintiffs have incurred $1,857.96 in reasonable attorneys' fees and costs. Further, Plaintiffs expect to incur an additional amount of attorneys' fees totaling $750.00, plus general excise tax of $35.34 for a total of $785.34 for the attendance at the hearing of this motion, and finalization of the order and judgment thereafter. Accordingly, Plaintiffs request attorneys' fees and costs in the amount of $2,643.30.

III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court enter default judgment against Defendant Visionary General Contracting, LLC compelling Defendant to provide the required Employers Monthly Report To Trustees, and business records required to complete and audit. Plaintiffs also request this Court enter default judgment against Defendant Visionary General Contracting, LLC contributions in the sum of $115,005.38, and the amount of $2,643.30 of attorneys' fees and costs, for a total default judgment in the amount of $117,648.68.

DATED: Honolulu, Hawaii, March 7, 2017.

/s/ Jeffrey P. Miller
JEFFREY P. MILLER
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS