Of Counsel:
LAW OFFICE OF JEFFREY P. MILLER
A Limited Liability Law Company

JEFFREY P. MILLER     7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millercounsel.com

Attorney for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Henry Iida, Russell Young, Audrey Hidano, Glen Kaneshige, Eric Hashizume, George Ehara, Ronald Taketa, Kyle Chock, Shayne Chung, Conrad C. Verdugo, Jr., Ralph Hoohuli, and Travis Murakami; *Apprenticeship & Training Fund by its trustees* Claude Matsumoto, Thomas Toma, Conrad Murashige, Dale Sakamoto-Yoneda, Roy Morioka, Vince Nihipali, Sheri Mau, Mike Goodnight, Kyle Chock, Ronald Taketa, Mitchell Tynanes, Sean Newcamp, Ralph Hoohuli and Travis Murakami; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, James Watanabe, Paul Silen, Paul Sasaki, Jay Kadowaki, | CIVIL NO. 16-00670-DKW-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VISIONARY GENERAL CONTRACTING, LLC |

| | |
|---|---|
| Sharon Thom, Roy Morioka, Kyle Chock, Sean Newcamp, Mitchell Tynanes, Ralph Hoohuli, and Travis Murakami; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Justin Izumi, Ken Kawamoto, Gerard Sakamoto, Bill Wilson, Lance Wilhelm, Leonard Hoshijo, Justin Kochi, Garrett Takara, Sean Newcamp, Kyle Chock, David Samson and Mitchell Tynanes; *Financial Security Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Garrett Takara, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, and Travis Murakami; *Drywall Training Fund by its trustees* Vince Nihipali, Sr., Lito Alcantra, Bert Beaman, Mike Goodnight, Kevin Respecki, Sean Newcamp, Garrett Takara, Edmund Aczon, David Samson and Ivan Lay; *401-K Fund by its trustees* Kenneth Spence, Conrad Murashige, Kenneth Sakurai, Wesley Mikuni, Alan Shintani, Kyle Chock, Ronald Taketa, Shayne Chung, Sean Newcamp, Ralph Hoohuli, Clyde Sugawa, Joyce Furukawa, and Travis Murakami, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| VISIONARY GENERAL | ) |

2

| | |
|---|---|
| CONTRACTING, LLC, JOHN DOES 1-100; JANE DOES 1-100; DOE CORPORATIONS 1-100; DOE PARTNERSHIPS 1-100; DOE ENTITIES 1-100; DOE GOVERNMENTAL UNITS 1-100, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT VISIONARY GENERAL CONTRACTING, LLC**

On December 23, 2016, Plaintiffs Trustees of the Hawaii Carpenters Trust Funds ("Plaintiffs") filed a Complaint against Defendant Visionary General Contracting, LLC ("Defendant").

Jurisdiction of this Court is based on the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears thereunder, and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (t).

Defendant was served with the Complaint and Summons on January 7, 2017. Defendant failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Plaintiffs consequently filed a request for entry of default, and on February 7, 2017, the Clerk of the Court entered default.

On March 7, 2017, Plaintiffs filed the present Motion, requesting that default judgment enter in the following amounts owed as of February 10, 2017:

<u>Visionary IU Account</u>

| | |
|---|---|
| Contributions | $48,907.97 |
| Liquidated Damages | $10,096.73 |
| 12% Fund Interest | $2,046.29 |
| 401k Lost Earnings Interest | $59.93 |
| Audit Fees | $320.00 |
| Total | $61,430.92 |

<u>Visionary IUCBD Account</u>

| | |
|---|---|
| Contributions | $33,744.28 |
| Liquidated Damages | $19,176.83 |
| 12% Fund Interest | $620.48 |
| 401k Lost Earnings Interest | $32.87 |
| Total | $53,574.46 |
| **Grand Total:** | **$115,005.38** |

Plaintiffs also requested an award of attorneys' fees and costs incurred in pursuing this action as well as its attorneys' fees and costs incurred in drafting this Motion, attendance at the hearing thereon and finalization of the order and judgment in the amount of $2,643.30.

This matter came on for hearing on April 26, 2017, due notice of said hearing having been provided to Defendant. Jeffrey P. Miller appeared on behalf of Plaintiffs. Defendant failed to appear and/or respond to this Motion.

## **FINDINGS**

Having reviewed Plaintiffs' submissions and the record before the Court, the Court makes the following findings:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multiemployer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2. Defendant is a signatory to the Collective Bargaining Agreement ("CBA") with the Hawaii Regional Council of Carpenters. Pursuant to the CBA, Defendant is required to submit to the Hawaii Carpenters Trust Funds office a monthly report detailing the number of hours each of its employees worked on a union jobsite for the previous calendar month. The report details the hourly benefit rate for each of the trust funds for each employee, based on the employee's classification, and calculates the amount of contributions owed under

the CBA based on the classification of the employee and the number of hours worked. The employer is required to submit the reported hours and calculated contributions to the trust funds no later than the twenty fifth day of the month following the work performed in the prior calendar month.

   3. For the months of June 2016 through January 2017, Defendant failed to submit its reports for the hours worked and did not submit the contributions owed pursuant to the hours worked by its employees. Defendant has also refused to allow Plaintiffs to conduct an audit of its records as mandated by the CBA.

   4. The Complaint seeks a mandatory injunction compelling Defendant to produce completed Employers Monthly Report to Trustees as required by the CBA, and to produce the documents listed below to allow Plaintiffs to complete their audit:

1. Payroll registers for the audit period (June 2016-September 2016)
2. Time cards and/or time sheets
3. All State and Federal quarterly reports (941's, 940 & state unemployment)
4. Individual earning records for all employees (W-2's & W-3's)
5. All Forms 1099 & 1096 issued for the audit period
6. Listings & classifications for all employees on the payroll
7. All bank statements & canceled checks for all payroll and general ledger accounts maintained
8. All check registers for all payroll and general ledger accounts maintained
9. 401 (k) Fund: Contribution Worksheets completed by members

10. General Excise/Use Tax return

5. The Complaint also seeks payment of contributions, liquidated damages, and interest which Defendant was required to make pursuant to the CBA. Based on Plaintiffs' report February 10, 2017 there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions, lost earnings, and liquidated damages as follows:

Visionary IU Account

| | |
|---|---|
| Contributions | $48,907.97 |
| Liquidated Damages | $10,096.73 |
| 12% Fund Interest | $2,046.29 |
| 401k Lost Earnings Interest | $59.93 |
| Audit Fees | $320.00 |
| Total | $61,430.92 |

Visionary IUCBD Account

| | |
|---|---|
| Contributions | $33,744.28 |
| Liquidated Damages | $19,176.83 |
| 12% Fund Interest | $620.48 |
| 401k Lost Earnings Interest | $32.87 |
| Total | $53,574.46 |
| **Grand Total:** | **$115,005.38** |

6. Defendant's obligations to the Plaintiffs to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions and liquidated damages up to the time of trial or

proof.

7. Under the terms of the CBA and 29 U.S.C. § 1132(g)(2)(D), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all of Plaintiffs' court, collection costs, and reasonable attorneys' fees.

8. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to Plaintiffs.

9. Plaintiffs are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed by Defendant's employees both before and after February 10, 2017.

10. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

11. The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986). Evaluating all of the <u>Eitel</u> factors, default judgment against Defendant is appropriate.

12. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

13. After reviewing the billing records of Plaintiffs' counsel and the declarations attached to the Motion, the Court finds that Plaintiffs reasonably and necessarily incurred $2,643.30 in attorneys' fees, costs and tax.

## **RECOMMENDATION**

In accordance with the foregoing, this Court RECOMMENDS that this Motion be GRANTED and that default judgment enter in Plaintiffs' favor. Specifically, the Court recommends that : (1) Defendant be compelled to provide the required Employers Monthly Report to Trustees, and business records required to complete an audit; and (2) Plaintiffs be awarded $115,005.38 in liquidated damages, 12% interest, and 401(k) Lost Earnings Interest, plus $2,643.30 in attorneys' fees, costs, and tax. Plaintiffs are not precluded from seeking additional damages from Defendant arising from unaudited hours worked by Defendant's

employees both before and after February 10, 2017.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 26, 2017.



_____
Kevin S.C. Chang
United States Magistrate Judge

HAWAII CARPENTERS TRUST FUNDS vs. Visionary General Contracting, LLC., et al., Civil No. 16-00670 DKW-KSC, FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT VISIONARY CONTRACTING, LLC